**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIO MERINO,

    Petitioner - Appellant,

 v.

MARION SPEARMAN,

    Respondent - Appellee.

No. 14-16550

D.C. No. 4:08-cv-03231-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Senior District Judge, Presiding

Submitted August 13, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and HAWKINS and McKEOWN, Circuit Judges.

 Appellant Mario Merino appeals the district court's denial of his petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review a district court's denial of a habeas petition de novo. *Musladin v. Lamarque*, 555 F.3d 830, 835 (9th Cir. 2009). A habeas petition challenging a state court conviction may be granted only if the last reasoned state court decision (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Merino was convicted of aggravated sexual assault of a child under 14 and 10 or more years younger than him. He argues that the trial court violated his due process rights under *Doyle v. Ohio*, 426 U.S. 610 (1976), by permitting the prosecution to question him and to comment on his invocation of his right to remain silent in a police interview after receiving his *Miranda* warnings. He argues the court further violated *Doyle* by instructing the jury that it may find instances in which Merino was accused of the charged crime and failed to reply to the accusation as "indicating an admission that the accusation thus made was true."

It is plausible that Merino's *Doyle* rights were violated by the trial court's instruction to the jury, as well as by the prosecution's questions, which arguably referred both to Merino's voluntary post-Miranda comments to the detective and to his later invocation of his right to silence. However, we cannot conclude that it

was unreasonable for the California Court of Appeal to hold that any such violation was harmless. *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993). For one, as the district court noted, defense counsel objected several times to the challenged line of questioning, and many of these objections were sustained. *See Greer v. Miller*, 483 U.S. 756, 763-64 (1987) (holding no *Doyle* violation occurs if the trial court sustains a timely objection to the allegedly improper question and instructs the jury to disregard that question).

We generally consider three factors when weighing the harmlessness of a possible *Doyle* violation: "(1) the extent of [the] comments . . ., (2) whether an inference of guilt from silence was stressed to the jury, and (3) the extent of other evidence suggesting [the] defendant's guilt." *Hurd v. Terhune*, 619 F.3d 1080, 1090 (9th Cir. 2010) (quoting *United States v. Velarde Gomez*, 269 F.3d 1023, 1034-35 (9th Cir. 2001) (en banc)) (alterations in original). These factors weigh against Merino. The problematic questions appear to be directed primarily towards the proper purpose of examining Merino's immediate response to the detective's accusing him of child molestation, prior to Merino's invoking his Miranda rights. Any questions or comments on Merino's conduct during the police interview constituted only a portion of the prosecution's argument against Merino's credibility, which itself was only a piece of a broader case that also included testimony from Merino's wife and the victim of the crime.

**AFFIRMED.**